**UNITED STATES of America**

v.

**Jack PRIORE and Harry Charton, Defendants.**

**No. 63–CR–205.**

United States District Court
E. D. New York.

June 12, 1964.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Martin Pollner, Asst. U. S. Atty., of counsel, for the United States.

Stanley Reckler, New York City, for defendant Priore.

Herbert A. Lyon, Kew Gardens, N. Y., for defendant Charton, William Erlbaum, New York City, of counsel.

MISHLER, District Judge.

After trial by jury defendant Priore was convicted of a violation of Section 504(a) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) [29 U.S.C. § 504(a)].[1] The indictment charged that within five years after "conviction for conspiracy to commit extortion" he served as organizer for Local 232, Building Service Employees International Union, AFL–CIO.

At the same trial, the jury convicted defendant, Harry Charton, president of the local for violation of Section 504(a)[2] for knowingly permitting defendant Priore to assume and hold a paid position as an organizer of the said local.

Defendants move for a new trial pursuant to Rule 33 and in arrest of judgment pursuant to Rule 34 of the Rules of Criminal Procedure.

On February 6, 1959, defendant Priore was convicted of conspiracy under Section 580 of the Penal Law of the State of New York.[3] The conviction was on the plea of guilty by said defendant to the first count of the indictment. The Court charged that one Jack Priore "* * * did wilfully, knowingly, and corruptly conspire * * * to commit a crime, to wit, the crime of extortion."

The grounds assigned in support of the motions are (1) that the Section did not disqualify persons convicted of a misdemeanor from holding office, and (2) defendant Priore was convicted of the crime of conspiracy and not conspiracy to extort as defined by the statute.

Reference to statements of sponsors of the bill on the floor of the Senate and elsewhere to determine the area and extent of disqualification is of little use and often confusing. Schwegmann Bros. v. Calvert Distillers' Corp., 1951, 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. (Concurring opinion of Justice Jackson at 395–396, 71 S.Ct. at 751) The purposes and policy of the Act are found in Section 2. Subdivision (b) of Section 2 states, in part:

"The Congress * * * finds * * * that there have been a num-

1. "No person * * * who has been convicted of * * * extortion * * * or conspiracy to commit any such crimes, shall serve (1) as an * * * organizer * * * of any labor organization * * * during * * * or for five years after such conviction * * *."

2. The portion of the section applicable to the charge reads: "No labor organiza-

tion or officer thereof shall knowingly permit any person to assume or hold any office or paid position in violation of this subsection."

3. § 580. Definition and punishment of conspiracy
"If two or more persons conspire:
"1. To commit a crime * * * Each of them is guilty of a misdemeanor."

ber of instances of breach of trust, corruption, disregard of the right of individual employees, and other failures to observe high standards of responsibility and ethical conduct * * *."

The restrictive interpretation urged by defendants would attenuate the corrective action declared in Section 504. The section speaks of disqualification of persons convicted of misdemeanors, in proscribing employment by a labor organization of persons convicted of "a violation of Title II or III of this Act." The Court concludes that persons convicted of any of the crimes stated in Section 504(a) are ineligible, whether such crime be classified as a misdemeanor or felony. It is pointed out that defendant pleaded guilty to conspiracy which was the lesser crime in the State court indictment; had he pleaded guilty to attempted extortion, a felony under N.Y. Penal Law, his employment would have been permitted under the Act. Thus it appears that one convicted of a misdemeanor is penalized by curtailment of work opportunity while another convicted of a felony is not so handicapped. The answer to this anomaly lies in the varying classifications by the different states for criminal behavior. The legislative structure built on such an irregular base cannot achieve perfect symmetry. Davies Warehouse Co. v. Bowles, 1944, 321 U.S. 144, 155, 64 S.Ct. 474, 480, 88 L.Ed. 635. In Whitney v. State Tax Comm., 1940, 309 U.S. 530, 542, 60 S.Ct. 635, 640, 84 L.Ed. 909, the Court observed:

"Differences in circumstances beget appropriate differences in law."

■■ In the second point, defendants argue that conviction of conspiracy is not a disqualifying crime under the Act. Under defendant's interpretation, the quoted phrase would have limited application. At the time of the enactment of LMRDA, the crime of conspiracy to commit the crime of extortion was not on the statute books of any state. Appended to this opinion is a compendium of the conspiracy statutes in the various states. None, except New York, defines a crime of conspiracy to commit extortion (§ 580a of the N.Y. Penal Law enacted July 1, 1959). The description of the crimes charged in the State court indictment is described in the judgment of conviction as:

"Conspiracy and attempt to commit the crime of Extortion."

Defendants argue the crime charged is conspiracy. Reference to the indictment (marked for identification but submitted by defendant Priore with brief) makes it abundantly clear that defendant Priore was convicted of conspiracy to commit the crime of extortion.

It must be presumed that Congress knew the crime of conspiracy to commit extortion was nowhere to be found in the statutory law of the various states. Sutherland, Statutory Construction, 3d Ed. (Horack) p. 327. The interpretation that will result in a rational scheme and give dimension to the purging action of the Section 504, is one which includes convictions obtained under the conspiracy statutes of the several states, upon proof the conspiracy was entered into to commit the crime of extortion or any of the other crimes referred to. Singer v. U. S., 1945, 323 U.S. 338, 341, 65 S.Ct. 282, 284, 89 L.Ed. 285. Mr. Justice Frankfurter in the dissenting opinion in Singer v. U. S., Id. at 346, 65 S.Ct. at 286, said:

"In the past, to soften the undue rigors of the criminal law courts frequently employed canons of artificial construction to restrict the transparent scope of criminal statutes. I am no friend of such artificially restrictive interpretations. Criminal statutes should be given the meaning that their language most obviously invites unless authoritative legislative history or absurd consequences preclude such natural meaning."

Both motions by both defendants are denied. This memorandum of decision is deemed the order of the Court.

APPENDIX

| STATE | SENTENCE |
|---|---|
| ALABAMA | Classified as both felony and misdemeanor. Ala. Code, Tit. 14, §§ 99–101. |
| ALASKA | Conspiracy to kidnap only, Alaska Stats., Tit. 11, § 11.15.270. |
| ARIZONA | Penalty $1,000 or 1 year or both, Ariz. Rev. Stats. Ann. Tit. 13, Ch. 2, Art. 12, § 13–331. |
| ARKANSAS | Classified as misdemeanor, Ark. Stats. Ann. Tit. 41, Ch. 12, §§ 41–1201, 41–1202. |
| CALIFORNIA | Indefinite, Cal. Penal Code, Tit. 7, Ch. 8, § 182. |
| COLORADO | Classified as both felony and penalty $1,000 or 1 year or both, Colo. Rev. Stats. Ch. 40, § 40–7–36. |
| CONNECTICUT | Classified as both misdemeanor and penalty $5,000 or 15 years or both, Gen. Stats. Conn. Tit. 54, Ch. 967, § 54–197. |
| DELAWARE | Discretion of Court, Del. Code Ann. Tit. 11, Ch. 1, § 105. |
| FLORIDA | Classified as both felony and misdemeanor, Fla. Stats. Ann. Tit. 44, Ch. 833, §§ 833.01, 833.03–833.05. |
| GEORGIA | Conspiracy to indict only, Ga. Code Ann. Tit. 26, § 26–1901. |
| HAWAII | Classified as both felony and penalty $1,000 or 1 year or both, Rev. Laws Hawaii, Ch. 268, §§ 268–9, 268–10. |
| IDAHO | Penalty $1,000 or 1 year or both, Idaho Code, Tit. 18, Ch. 17, § 18–1701. |
| ILLINOIS | None (Ill. Ann. Stats. Ch. 38, §§ 138–139 Repealed Laws of 1961, P. 1983, § 35–1 Effective Jan. 1, 1962). |
| INDIANA | Penalty $25 to $5,000 or 2 to 14 years or both, Ind. Stats. Ann. Tit. 10, Ch. 11, § 10–1101. |
| IOWA | Penalty 3 years, Iowa Code Ann. Ch. 719, § 719.1. |
| KANSAS | Conspiracy to kidnap only, Gen. Stats. Kan. Ch. 21, Art. 4, § 21–452. |
| KENTUCKY | Discretion of jury or if death results then penalty as now prescribed by law. Ky. Rev. Stats. Ch. 437, §§ 437.110–437.120. |

| STATE | SENTENCE |
|---|---|
| LOUISIANA | Indefinite, La. Stats. Ann. Tit. 14, Ch. 1(E), § 14:26. |
| MAINE | Penalty $1,000 or 10 years, Rev. Stats. Me. Ch. 130, § 25. |
| MARYLAND | Penalty $2,000 or 10 years or both but not to exceed maximum for substantive offense, Ann. Code Md. Art. 27, § 38. |
| MASSACHUSETTS | Conspiracy to defraud banks only, Ann. Laws Mass. Ch. 266, § 53. |
| MICHIGAN | Classified as felony, Mich. Stats. Ann. Tit. 28, § 28.773, Comp. Laws 1948, § 750.505. |
| MINNESOTA | Classified as misdemeanor, Minn. Stats. Ann. Ch. 613, § 613.70. |
| MISSISSIPPI | Classified as misdemeanor, Miss. Code Ann. Tit. 11, § 2056. |
| MISSOURI | Classified as misdemeanor, Ann. Mo. Stats. Tit. 38, Ch. 556, § 556.120. |
| MONTANA | Penalty $1,000 or 1 year or both, Rev. Codes Mont. Tit. 94, § 94–1101. |
| NEBRASKA | Penalty $200 to $10,000 or 1 to 3 years or both, Rev. Stats. Neb. Art. 3, §§ 28–301, 28–445. |
| NEVADA | Classified as gross misdemeanor, Nev. Rev. Stats. Tit. 16, § 199.480. |
| NEW HAMPSHIRE | None |
| NEW JERSEY | Classified as misdemeanor unless involving narcotics then high misdemeanor, N. J. Stats. Ann. Tit. 2A, § 2A:98–1. |
| NEW MEXICO | Classified as fourth degree felony, N. M. Stats. Ann. Ch. 40A, Art. 28, § 40A–28–2. |
| NEW YORK | Classified as misdemeanor except crime of conspiracy to extort which is felony, N. Y. Penal Law, Art. 54, §§ 580, 580(a) respectively. |
| NO. CAROLINA | Conspiracy to abduct only, Gen. Stats. N. C. Ch. 14, § 14–42. |
| NO. DAKOTA | Classified as misdemeanor, N. D. Cent. Code Ann. Ch. 12–03, § 12–03–01. |
| OHIO | Conspiracy to abduct only, Ohio Rev. Code Ann. Tit. 29, § 2901.34. |
| OKLAHOMA | Classified as misdemeanor, Okla. Stats. Ann. Tit. 21, § 421. |

| STATE | SENTENCE |
| --- | --- |
| OREGON | Penalty $1,000 or 3 years or both, Ore. Rev. Stats. Tit. 16, Ch. 161, § 161.320. |
| PENNSYLVANIA | Classified as misdemeanor, Pa. Stats. Ann. Tit. 18, § 4302. |
| RHODE ISLAND | None, but all common law crimes not covered by specific sections, penalty $5,000 or 10 years, Gen. Laws R. I. Ch. 1, § 11–1–1. |
| SO. CAROLINA | Classified as misdemeanor, Code Laws S. C. Tit. 16, Art. 5, § 16–550. |
| SO. DAKOTA | Conspiracy to commit offense against State only, S. D. Code Supp. Tit. 13, § 13.0306. |
| TENNESSEE | Classified as both felony and misdemeanor, Tenn. Code Ann. §§ 39–1103, 39–1106. |
| TEXAS | Penalty 2 to 10 years, Pen. Code Tex. Ann. Arts. 1622, 1626. |
| UTAH | Penalty $1,000 or 1 year, Utah Code Ann. Tit. 76, Ch. 12, § 76–12–1. |
| VERMONT | Conspiracy to commit violent crimes only, Vt. Stats. Ann. Tit. 13, Ch. 27, § 1401. |
| VIRGINIA | Conspiracy to commit violent crimes only, Code of Va. Tit. 18, Art. 3, § 18.1–15. |
| WASHINGTON | Classified as gross misdemeanor, Rev. Code Wash. Tit. 9, § 9.22.010. |
| WEST VIRGINIA | Classified as both felony and misdemeanor, W. Va. Code Ann. Ch. 61, § 6033. |
| WISCONSIN | Indefinite, Wis. Stats. Ann. Tit. XLV, § 939.31. |
| WYOMING | Conspiracy to kidnap only, Wyo. Stats. Tit. 6, § 6–60. |